**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RAUL FLORES, | : | **Hon. Esther Salas** |
| Petitioner, | : | Civil No. 11-4269 (ES) |
| v. | : | |
| CINDY SWEENEY, et al., | : | **OPINION** |
| Respondents. | : | |

**APPEARANCES**:

> RAUL FLORES, #303746
> East Jersey State Prison
> Lock Bag R
> Rahway, New Jersey 07065
> Petitioner Pro Se

**SALAS**, District Judge:

Raul Flores filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254(a) challenging a judgment of conviction entered in the Superior Court of New Jersey, Bergen County, on July 31, 1998. For the reasons expressed below, and because the Petition, as drafted and read in light of electronically available pertinent state court decisions, shows that the claims are time-barred, this Court will dismiss the Petition as untimely and deny a certificate of appealability.

However, because this Court cannot rule out the possibility that Petitioner might have valid grounds for statutory and/or equitable tolling of the instant Petition (which are not set forth in Petitioner's submissions), and he might wish to raise these grounds to show timeliness of his Petition, this Court will grant Petitioner 30 days to file a written statement that sets forth detailed

tolling arguments not considered in this Opinion, or otherwise presents an argument that the Petition is not untimely. This Court will administratively terminate the case at this time for statistical purposes, but will retain jurisdiction over the Petition during this 30-day period and reopen the file to consider Petitioner's arguments in the event that he raises them within this period.

## I. BACKGROUND

Petitioner challenges a judgment of conviction entered in the Superior Court of New Jersey, Law Division, Bergen County, on July 31, 1998, after a jury found him guilty of murder and related weapon possession offenses. The Law Division imposed an aggregate sentence of 30 years without eligibility for parole. (Dkt. 1 at 1.). Petitioner appealed, and on December 20, 1999, the New Jersey Superior Court, Appellate Division, affirmed the conviction and sentence. (Id. at 2.) The New Jersey Supreme Court denied certification on July 7, 2000. State v. Flores, 165 N.J. 486 (2000) (table).

Petitioner states that he filed his first state petition for post-conviction relief in the Law Division on October 30, 2001. (Dkt. 1 at 3.) On December 21, 2004, the Law Division denied the petition. (Id.) On April 17, 2007, the Appellate Division affirmed the order denying post-conviction relief. See State v. Flores, 2007 WL 1119563 (N.J. Super. Ct., App. Div., Apr. 17, 2007). The New Jersey Supreme Court denied certification on July 16, 2007. State v. Flores, 192 N.J. 294 (2007) (table).

Petitioner filed a second state petition for post-conviction relief, arguing that he was deprived of rights under the Vienna Convention. See State v. Flores, 2009 WL 816508 (N.J. Super. Ct., App. Div., Mar. 31, 2009). The Law Division denied relief on May 28, 2008. (Dkt. 1

at 4.)  On March 31, 2009, the Appellate Division affirmed the order denying post-conviction

relief.  See State v. Flores, 2009 WL 816508 (N.J. Super. Ct., App. Div., Mar. 31, 2009).

Petitioner filed a third state petition for post-conviction relief, arguing that he was improperly

denied work and commutation credits on his sentence of 30 years without parole.  See State v.

Flores, 2011 WL 2335047 (N.J. Super. Ct., App. Div., June 15, 2011).  The Law Division denied

relief and the Appellate Division affirmed.  Id.

 Petitioner placed the § 2254 Petition, which is presently before this Court, in the prison

mailing system on July 20, 2011.  (Dkt. 1 at 14.)  The Petition raises four grounds:

> Ground One:  PETITIONER'S RIGHTS UNDER THE FIFTH
> AMENDMENT OF THE CONSTITUTION WERE VIOLATED
> WHEN A STATEMENT OF CONFESSION WAS
> INVOLUNTARILY TAKEN AND ADMITTED INTO
> EVIDENCE AGAINST HIM AT TRIAL BY THE
> PROSECUTION.
>
> Supporting Facts:  Petitioner was detained for questioning about a
> homicide that had occurred.  He was not given his rights under
> Miranda before questioning began.  Petitioner was told by the
> detectives that if he refused to answer their questions that "he
> would never see his family again, and that his pregnant wife would
> be put in jail and have to give birth in jail."  Petitioner believed
> their threats and gave an oral statement confessing to the murder.
>
> Ground Two:  PETITIONER'S RIGHTS UNDER THE SIXTH &
> FOURTEENTH AMENDMENTS WERE VIOLATED BY THE
> TRIAL COURT WHEN IT FAILED TO PROPERLY VOIR DIRE
> A JUROR WHO WAS CLEARLY IN DISTRESS DURING
> TRIAL.
>
> Supporting Facts:  During the defense summation, the trial court
> observed that one of the jurors was upset and in distress.  After the
> defense completed its closing, the trial court called for a five
> minute recess by noting its observance of the distressed juror.  No
> questions were asked of the juror to inquire as to the reason for her

3

distress nor if she would be able to continue and uphold her oath of service.

Ground Three:  PETITIONER'S RIGHTS UNDER THE SIXTH AMENDMENT WERE VIOLATED BY THE PROSECUTION'S HIGHLY PREJUDICIAL, AND THEREFORE, UNALLOWABLE STATEMENTS DURING ITS SUMMATION.

Supporting Facts:  The prosecution continuously referred to himself during his entire summation by using the personal pronoun "I" in order to bolster the credibility of his witnesses and to shift the burden of proof to the petitioner.

Ground Four:  PETITIONER'S RIGHTS UNDER THE SIXTH & FOURTEENTH AMENDMENTS WERE VIOLATED IN THAT HE RECEIVED INEFFECTIVE ASSISTANCE OF TRIAL AND APPELLATE COUNSEL.

Supporting Facts:  Trial counsel failed to challenge the introduction of an involuntarily coerced confession by the state. Appellate counsel prosecuted a frivolous appeal by advancing unmeritorious issues.

(Dkt. 1 at 5, 7, 8, 10.)

## II.  DISCUSSION

A.  Standard of Review

"Habeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994).  Habeas Rule 2(c) requires a § 2254 petition to "specify all the grounds for relief available to the petitioner," "state the facts supporting each ground," "state the relief requested," be printed, typewritten, or legibly handwritten, and be signed under penalty of perjury.  28 U.S.C. § 2254 Rule 2(c).

Habeas Rule 4 requires a judge to sua sponte dismiss a § 2254 petition without ordering a responsive pleading "[i]f it plainly appears from the petition and any attached exhibits that the

4

petitioner is not entitled to relief in the district court." 28 U.S.C. § 2254 Rule 4.  Thus, "Federal

courts are authorized to dismiss summarily any habeas petition that appears legally insufficient

on its face." McFarland, 512 U.S. at 856.  Dismissal without the filing of an answer or the State

court record has been found warranted when "it appears on the face of the petition that petitioner

is not entitled to relief." Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S.

1025 (1989); see also McFarland, 512 U.S. at 856; United States v. Thomas, 221 F.3d 430, 437

(3d Cir. 2000) (habeas petition may be dismissed where "none of the grounds alleged in the

petition would entitle [the petitioner] to relief").

B.  Statute of Limitations

        Prior to substantively examining the Petition or ordering an answer, this Court will

determine whether the Petition and relevant state court decisions show that the Petition is time-

barred. See Day v. McDonough, 547 U.S. 198, 209 (2006) ("we hold that district courts are

permitted, but not obliged, to consider, sua sponte, the timeliness of a state prisoner's habeas

petition"); Kilgore v. Attorney General of Colorado, 519 F. 3d 1084, 1089 (10th Cir. 2008)

(court may not sua sponte dismiss a § 2254 petition as time-barred on the ground that it lacks

sufficient information to establish timeliness, but may do so where untimeliness is clear from the

face of the petition); Long v. Wilson, 393 F. 3d 390, 402-03 (3d Cir. 2004) (court may examine

timeliness of petition for a writ of habeas corpus sua sponte).

        In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act

("AEDPA"), which provides that "[a] 1-year period of limitation shall apply to an application for

a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28

U.S.C. § 2244(d)(1).  The limitations period runs from the latest of

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence . . . .

28 U.S.C. § 2244(d)(1).

The statute of limitations under § 2244(d) is subject to two tolling exceptions: statutory tolling and equitable tolling.  See Holland v. Florida, 130 S. Ct. 2549 (2010); Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003); Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 617-18 (3d Cir. 1998).  Section 2244(d)(2) requires statutory tolling under the following circumstances: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).  An application is "filed" when "it is delivered to, and accepted by, the appropriate court officer for placement into the official record." Artuz v. Bennett, 531 U.S. 4, 8 (2000) (citations omitted).  As the Supreme Court explained,

an application is "*properly* filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.  These usually prescribe, for example, the form of the

6

> document, the time limits upon its delivery, the court and office in
> which it must be lodged, and the requisite filing fee . . . .  In some
> jurisdictions the filing requirements also include, for example,
> preconditions imposed on particular abusive filers, or on all filers
> generally . . . .  But in common usage, the question whether an
> application has been "properly filed" is quite separate from the
> question whether the claims *contained in the application* are
> meritorious and free of procedural bar.

Artuz, 531 U.S. at 8-9 (citations omitted); see also Allen v. Siebert, 552 U.S. 3 (2007) (petition

for state post-conviction relief that was rejected by the state courts as untimely is not "properly

filed" under § 2244(d)(2)).

A post-conviction relief application remains pending in state court until "the state courts

have finally resolved an application for state post[-]conviction relief [but] § 2244(d)(2) does not

toll the 1-year limitations period during the pendency of a petition for certiorari." Lawrence v.

Florida, 549 U.S. 327, 332 (2007).

The AEDPA statute of limitations is also subject to equitable tolling. See Holland, 130 S.

Ct. at 2560; Urcinoli v. Cathel, 546 F. 3d 269, 272 (3d Cir. 2008); Miller, 145 F.3d at 618. "A

statute of limitations 'can be tolled when principles of equity would make [its] rigid application

unfair.'" Urcinoli, 546 F. 3d at 272 (quoting Shendock v. Dir., Office of Workers' Comp.

Programs, 893 F. 2d 1458, 1462 (3d Cir. 1990)). "Generally, a litigant seeking equitable tolling

bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently,

and (2) that some extraordinary circumstance stood in his way." Holland, 130 S. Ct. at 2562

(quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also LaCava v. Kyler, 398 F.3d

271, 275-276 (3d Cir. 2005). "There are no bright lines in determining whether equitable tolling

is warranted in a given case.  Rather, the particular circumstances of each petitioner must be taken into account."  Pabon v. Mahanoy, 654 F.3d 385, 399 (3d Cir. July 12, 2011).

Extraordinary circumstances have been found where "(1) the defendant has actively misled the plaintiff; (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights; or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum."  Urcinoli, 546 F. 3d at 272 (quoting Satterfield v. Johnson, 434 F. 3d 185, 195 (3d Cir. 2006) (internal quotation marks omitted).[1]  "[A] garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline does not warrant equitable tolling," Holland, 130 S. Ct. at 2564 (citations and internal quotation marks omitted), but "an attorney's failure to satisfy professional standards of care" can warrant equitable tolling where the behavior is egregious.  Id. at 2562, 2564; see also Nara v. Frank, 264 F. 3d 310, 320 (3d Cir. 2001) (ordering evidentiary hearing as to whether petitioner who was "effectively abandoned" by lawyer merited tolling).

"The diligence required for equitable tolling purposes is 'reasonable diligence,' . . . not 'maximum feasible diligence.'"  Holland, 130 S. Ct. at 2565 (internal citations omitted).  However, even where extraordinary circumstances exist, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely

---

[1] For example, "inability to read or understand English, combined with denial of access to translation or legal assistance, can constitute extraordinary circumstances that trigger equitable tolling."  Pabon at *13.  In Brinson v. Vaughn, 398 F. 3d 225, 230 (3d Cir. 2005), the Court of Appeals held that an extraordinary circumstance exists "where a court has misled a party regarding the steps that the party needs to take to preserve a claim."

filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

In this case, the applicable limitations provision is § 2244(d)(1)(A).  Petitioner's judgment of conviction became final on October 5, 2000, when the time to file a petition for certiorari expired.  See 28 U.S.C. § 2244(d)(1)(A); Wali v. Kholi, 131 S. Ct. 1278, 1282 (2011). The 365-day limitations period began the next day on October 6, 2000, and ran for 365 days until it expired on October 8, 2001.  Petitioner's first state petition for post-conviction relief did not toll the limitations period because the one-year term expired before the petition was filed on October 30, 2001.  (Dkt. 1 at 3.)  See Long v. Wilson, 393 F. 3d 390, 394-95 (3d Cir. 2004) (state post-conviction review petition had no effect on tolling because the limitations period had already run when it was filed); Schlueter v. Varner, 384 F.3d 69, 78-79 (3d Cir. 2004) (same). Accordingly, in the absence of equitable tolling, the statute of limitations expired on October 8, 2001.

Although the Petition itself asks Petitioner to explain why the Petition is not time-barred under 28 U.S.C. § 2244(d), Flores provided no explanation for the late filing.  (Dkt. 1 at 13-14.) As the Supreme Court observed in Pace v. DiGuglielmo,

> [P]etitioner waited years, without any valid justification, to assert these claims in his . . . petition.  Had petitioner advanced his claims within a reasonable time of their availability, he would not now be facing any time problem, state or federal.  And not only did petitioner sit on his rights for years *before* he filed his PCRA petition, but he also sat on them for five more months *after* his PCRA proceedings became final before deciding to seek relief in federal court.  Under long-established principles, petitioner's lack of diligence precludes equity's operation.

Pace, 544 U.S. at 419 (citations and footnotes omitted).

In this case, nothing in Petitioner's submissions insinuates that he was either prevented from asserting his claims by extraordinary circumstances, or that he exercised reasonable diligence in pursuing his rights.  Under these circumstances, equitable tolling of the statute of limitations does not appear to be warranted.  And because nothing indicates that the interests of justice would be better served by addressing the merits of the Petition, see Day, 547 U.S. at 210, this Court will dismiss the Petition as time-barred.

This Court, however, cannot rule out the possibility that Petitioner might have valid grounds for statutory and/or equitable tolling of the instant Petition, and might wish to raise these grounds to show timeliness of his Petition.[2]  See Day, 547 U.S. at 210 (before acting on timeliness of petition, court must accord Petitioner fair notice and an opportunity to present his position).  This Court will accordingly grant Petitioner 30 days to file a written statement that sets forth detailed tolling arguments, or otherwise presents an argument that the Petition is not untimely.[3]  This Court will administratively terminate the case at this time for statistical

---

[2] It is also possible that Petitioner was mistaken when he stated in the Petition (Dkt. 1 at 3, Pet. ¶ 11(a)(3)) that he filed his first state petition for post-conviction relief on October 30, 2001.  In that event, this Court urges Petitioner to attach a copy of his first state petition for post-conviction relief to his responsive papers, if same is available to him.

[3] Petitioner's tolling argument must account for the time between October 8, 2001 (when the 365-day limitations period expired), and October 30, 2001 (when Petitioner states he filed his first state petition for post-conviction relief, and statutory tolling presumably came into play).  Moreover, Petitioner must account for: (1) the time between July 16, 2007 (when the New Jersey Supreme Court denied certification on his first PCR petition) and the date (not specified in the Petition) on which he filed his second state petition for post-conviction relief; (2) the time between March 31, 2009 (when the Appellate Division affirmed dismissal of the second state PCR petition) and the date (not specified in the Petition) on which Petitioner filed his third PCR petition; and (3) the time between June 15, 2011 (when the Appellate Division affirmed dismissal of the third PCR petition) and July 20 (when Petitioner placed his § 2254 Petition in the prison mail system).

10

purposes, but will retain jurisdiction over the Petition during this 30-day period and reopen the file to consider Petitioner's arguments in the event that he raises them within this period. See Wanger v. Hayman, Docket No. 09-6307 (SRC) order dismissing pet. (D.N.J. Jan. 3, 2011), COA denied, C.A. No. 11-1375 (3d Cir. May 26, 2011); Tozer v. Powers, Docket No. 08-2432 (RMB) order dismissing pet. (D.N.J., June 30, 2008), COA denied, C.A. No. 08-3259 (3d Cir. Dec. 11, 2008).

C.  Certificate of Appealability

The AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In Slack v. McDaniel, 529 U.S. 473, 484 (2000), the United States Supreme Court held: "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. This Court denies a certificate of appealability because jurists of reason would not find it debatable that dismissal of the Petition as untimely is correct.

### III. CONCLUSION

Based on the foregoing, the Court dismisses the Petition as untimely and denies a certificate of appealability.

**ESTHER SALAS**
District Judge

DATED: December 9, 2011